NOT DESIGNATED FOR PUBLICATION

No. 130,006

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TANNER ALLEN BEAUVAIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Allen District Court; DANIEL D. CREITZ, judge. Submitted without oral argument. Opinion filed August 14, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before CLINE, P.J., PICKERING, J., and KEVIN M. SMITH, District Judge, assigned.

CLINE, J.: Tanner Allen Beauvais appeals the district court's decision to deny his motion to continue his sentencing hearing. We granted Beauvais' unopposed motion for summary disposition under Kansas Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). On review, we find no error and affirm the district court's decision.

Beauvais pled no contest to aggravated battery against a law enforcement officer, in exchange for the State's dismissal of three other cases. But he failed to appear for his sentencing hearing on December 1, 2025. The hearing was scheduled for 1:30 p.m. and was delayed almost two hours on the representation that Beauvais was "on the way and going to arrive in about 40 minutes." Yet he still had not arrived by 3:17 p.m. Beauvais' counsel told the district court that Beauvais said he had gone to visit his grandmother,

1

who had stage IV cancer, that morning since he had agreed to serve a prison sentence as part of the plea agreement and did not expect her to live until he was released.

Beauvais' counsel asked the district court to continue the sentencing to January 5, 2026. The State opposed the request and asked the court to issue a warrant for Beauvais' arrest, so he could be taken into custody and begin serving his sentence. The district court denied the request to continue and issued a bench warrant. It explained that, had Beauvais appeared and asked for a continuance, it might have taken a different position.

The district court reconvened once Beauvais arrived later that afternoon. His counsel renewed his request to continue the sentencing to January 5, 2026, to allow Beauvais to spend the holidays with his grandmother. The State objected, noting the case for sentencing was filed in 2017 and that since Beauvais' grandmother lived in Oklahoma, Beauvais would be unable to visit her due to his bond conditions.

The district court then asked Beauvais a few questions about his grandmother's situation and his communication with her. At one point Beauvais said his grandmother had been undergoing radiation treatment in Kansas; at another he said she only had her first appointment that morning; and then he finally admitted he did not know much about her treatment, but he understood she would be undergoing treatment at the University of Kansas Medical Center. Beauvais then confirmed that he had not visited his grandmother that morning and that he had been simply running late. He then said he had been trying to meet with his mother that morning while she was driving through town.

The district court ultimately denied Beauvais' request for a continuance, observing that his actions and statements were inconsistent.

In response to the denial, Beauvais stated that he would like to withdraw his plea. Beauvais' counsel requested a brief recess to discuss this decision, and upon return,

Beauvais stated that he did not want to withdraw his plea but wanted another opportunity to explain his relationship with his grandmother and the importance of a continuance. Beauvais told the court that he had misread a text from his attorney saying that if he wanted to see his grandmother, he should do that. Beauvais said that was what he had been doing, which made him late.

Beauvais moved again for a continuance, requesting the date December 15, 2025, two weeks from the original sentencing hearing. The State objected, noting that Beauvais had made inconsistent statements about whether he was visiting his grandmother that morning. The district court again denied the request for a continuance. After the second denial, Beauvais then stated that he wanted a new attorney but could provide no basis apart from being upset by the court's denial of his request for a continuance. The district court denied that motion and proceeded to sentence Beauvais to 71 months in prison with a postrelease supervision term of 36 months.

A district court may grant a continuance to either party for good cause shown. K.S.A. 22-3401. We review the district court's decision to deny Beauvais' requests for a continuance for abuse of discretion. See *State v. Gentry*, 310 Kan. 715, 734, 449 P.3d 429 (2019). A district court abuses its discretion when (1) no reasonable person would take the view adopted by the district court; (2) a ruling is based on an error of law; or (3) a ruling is based on an error of fact. 310 Kan. at 734.

Beauvais does not explain how he believes the district court abused its discretion. Since he identifies no mistake of law or fact, we presume he believes the court's decision was unreasonable. We disagree. While we empathize with Beauvais' situation, as the State pointed out, he provided inconsistent statements to support his requests and the case was longstanding. The district court weighed its sympathy for Beauvais' circumstances against its responsibility to resolve cases. The district court also considered the fact that Beauvais had arrived at the hearing over two hours late. Ultimately, the district court

3

could not justify granting the continuance because the case had been pending for over eight years and needed to be resolved in the interests of justice. We cannot find that no reasonable person would agree with the district court's decision. See *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015) ("Unless the district court has made a legal or factual error, an appellate court may find an abuse of discretion only when no reasonable person would agree with the district court's decision.").

Affirmed.